NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EMERSON VLADIMIR MAGANA-
AGUILAR,

No. 17-72017

Petitioner,

Agency No. A206-889-256

v.

MEMORANDUM*

PAMELA BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2026**
Pasadena, California

Before: OWENS, VANDYKE, and H.A. THOMAS, Circuit Judges.
Concurrence by Judge VANDYKE.

Emerson Vladimir Magana-Aguilar is a native and citizen of El Salvador.

He petitions for review of a decision of the Board of Immigration Appeals ("BIA")

affirming a decision of an Immigration Judge ("IJ") denying his application for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.[1]

"When the BIA reviews the IJ's decision de novo, 'our review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted.'" *Park v. Garland*, 72 F.4th 965, 974 (9th Cir. 2023) (quoting *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021)). We review legal questions de novo and factual findings for substantial evidence. *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Substantial evidence is a "highly deferential" standard under which "we must accept the BIA's factual findings as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020); 8 U.S.C. § 1252(b)(4)(B)).

Substantial evidence supports the BIA's conclusion that Magana-Aguilar failed to establish a nexus between any past or future persecution and his asserted particular social group of "[u]nmarried students who refuse to join gangs or participate in crime and fear persecution including death from gang members and police and government refuse to provide protection or cannot protect the

[1] Magana-Aguilar does not challenge the denial of relief under CAT and has therefore forfeited this issue. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (as amended).

citizens[.]"Magana-Aguilar argues that "[h]e was specifically targeted as he went to school and by a gang-affiliated classmate." But these facts do not compel the conclusion that a "central reason" or "a reason" Magana-Aguilar was harmed was on account of his membership in his proposed particular social group. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(C).

Because this conclusion is dispositive of Magana-Aguilar's petition, we do not address the remainder of his claims.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.



**FILED**

FEB 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Magana-Aguilar v. Bondi*, No. 17-72017
VANDYKE, Circuit Judge, concurring:

For the reasons stated in *Rojas-Espinoza v. Bondi*, 160 F.4th 991 (9th Cir. 2025) (per curiam)—and because Petitioner showed no likelihood of success on the merits—I would not leave the temporary stay of removal in place.